**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MAXELL, LTD., | |
| *Plaintiff*, | Case No. 5:16-cv-00179-RWS |
| v. | **JURY TRIAL DEMANDED** |
| ZTE CORPORATION and ZTE USA INC., | |
| *Defendants*. | |

## PLAINTIFF MAXELL, LTD.'S OPPOSED MOTIONS *IN LIMINE*

Plaintiff Maxell, Ltd. ("Maxell") hereby moves the Court for an order *in limine* to preclude any attorney or witness from (1) making any reference, mention, statement, suggestion, or allusion to, (2) giving any testimony or argument concerning, or (3) introducing any exhibits before the jury or jury panel concerning any of the following matters:[1]

**Motion *in Limine* 1: Filing or Institution of *Inter Partes* Review Proceedings**

No one shall introduce any references, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning the filing or institution of *Inter Partes* Review ("IPR") proceedings for the asserted patents. IPR proceedings only begin with the decision to institute ("institution decision"). The institution decision is a preliminary determination and is not a decision on the patentability of the subject claims. It is only after a **final** determination that the Patent Office issues a certificate canceling or confirming claims of the patent. 37 C.F.R. § 42.80. Thus, an institution decision—and indeed the mere filing of IPR petition—is not probative of any fact at issue and is irrelevant. Fed. R. Evid. 402.

Moreover, even if found to be minimally relevant, the existence of the institution decisions, along with the text of the decisions, is highly prejudicial to Maxell and would confuse the jury. Courts have recognized the prejudicial nature of pending Patent Office proceedings and excluded such evidence from the jury. *See, e.g.*, *Minemyer v. B-Roc Representatives, Inc.*, No. 07 C 1763, 2012 U.S. Dist. LEXIS 12808, at *13-15 (N.D. Ill. Feb. 2, 2012) (declining admissibility of Patent Office proceedings under Fed. R. Evid. 401, 402, and 403); *cf. Callaway Golf Co. v.*

---

[1] Maxell also raised with ZTE two additional motions *in limine*, believing the issues are sufficiently clear that they should not be disputed. ZTE refused to agree, and Maxell has not briefed them due to the limit of 10 disputed *in limine* issues per side. Therefore, although Maxell does not move *in limine* on these issues, Maxell does note the issue for the Court given the clear cut nature of this evidentiary dispute. The issues are: (1) no evidence/disclosure of prior offers made by Maxell to ZTE during negotiations in violation of FRE 408; and (2) no evidence/disclosure of theories and opinions not included in the expert reports that were timely and properly submitted or supplemented (in accordance with Federal Rule of Civil Procedure 26) in this case, or deposition testimony pertaining to such reports.

*Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (affirming exclusion of evidence from parallel *inter partes* re-examination proceedings, finding the non-final re-examination determinations were of little relevance to the jury's independent deliberations).

Any reference by Defendant to the filing or institution of IPRs for the asserted patents would only confuse the jury, namely, by suggesting that certain claims of the asserted patents are invalid or in question by the Patent Office. But no such determination has been made by the PTAB. The limited relevance, if any, of the institution decision is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403; *SSL Servs., LLC v. Citrix Sys.*, 769 F.3d 1073, 1093 (Fed. Cir. 2014) ("[T]he district court did not abuse its discretion in finding that the probative value of unfinished agency proceedings was substantially outweighed by the risk of unfair prejudice to the patentee and the potential for misleading the jury, thereby justifying exclusion under Federal Rule of Evidence 403."); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911, 2016 U.S. Dist. LEXIS 126811, at *9 (E.D. Tex. July 12, 2016) (granting motion *in limine* precluding the parties from referring to *inter partes* review or other post-issuance USPTO proceedings); *Personalized Media Communs., LLC v. Zynga, Inc.*, No. 2:12-cv-00068-JRG-RSP, 2013 U.S. Dist. LEXIS 191104, at *5 (E.D. Tex. Oct. 30, 2013) (granting a motion to exclude evidence pertaining to pending IPR proceedings because "the danger of undue prejudice is extremely high and that danger cannot be mitigated simply by the use of a limiting instruction.").

**Motion *in Limine* 2: Prior/Parallel Litigation by Maxell Against Other Parties**

No one shall introduce any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding prior or parallel litigation by Maxell against other parties or references to Maxell as "litigious." The existence or non-existence of other litigation by Maxell involving other parties is entirely irrelevant to the

issues of the present litigation and therefore should be excluded. Fed. R. Evid. 402. Defendant can have no reason to present such evidence, other than to paint Maxell as litigious. Thus, even if other litigation could somehow be viewed as remotely relevant to this case, evidence of such other litigation would unfairly prejudice Maxell, confuse the issues, mislead the jury, and waste the Court's time and resources. Fed. R. Evid. 403.

**Motion *in Limine* 3: Google Maps as Non-Infringing**

No one shall introduce any references, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony suggesting that Google Maps is a non-infringing alternative to the asserted patents. Although Maxell has not specifically accused Google Maps of infringing the asserted patents in this litigation, that does not mean Google Maps does not infringe the asserted patents. Defendant's experts, who offer Google Maps as a non-infringing alternative, did not perform any analysis whatsoever to determine whether Google Maps is in fact non-infringing, and thus any such testimony by Defendant's experts would constitute improper expert opinion. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring a party to provide all expert opinions and bases for them in an expert report). Moreover, such evidence is irrelevant, and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 402 and 403.

**Motion *in Limine* 4: Claim Constructions Contrary to the Court's Claim Construction Ruling**

No one shall introduce any references, evidence, testimony (including expert testimony), or argument contrary to the Court's claim construction ruling. D.I. 49, Claim Construction Memorandum and Order. Given that this Court has ruled on various claim construction issues as a matter of law, the parties should not be allowed to offer evidence contrary to those rulings of the Court. Such evidence would not be relevant to any issue that the jury must decide and

therefore should be excluded. Fed. R. Evid. 401, 402; s*ee also Danco, Inc. v. Fluidmaster, Inc.*, No. 5:16-cv-73, 2017 U.S. Dist. LEXIS 155936, at *71 (E.D. Tex. Sept. 22, 2017) ("Any reference to claim construction proceedings is limited to informing the jury of the constructions adopted by the Court."). In addition to being irrelevant, such statements would be highly and unfairly prejudicial to Maxell, and would mislead the jury into resolving this case based on factors other than the evidence and the law. *See* Fed. R. Evid. 402, 403.

**Motion *in Limine* 5: Accused Products Do Not Infringe because They Practice the Prior Art, or Which Compares Prior Art to Maxell's Infringement Theories Rather than the Court's Constructions**

No one shall introduce any references, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony comparing any accused instrumentality to any purported prior art device, prior art patent, or any other prior art. The Federal Circuit "has long recognized that patent infringement and invalidity are separate and distinct issues." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1365 (Fed. Cir. 2003) (citing cases). When analyzing validity, the claims of a patent, not an accused product, are to be compared to the prior art. *See Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) ("[I]t is the presence of the prior art and its relationship to the claim language that matters for invalidity."). Accordingly, "practicing the prior art" is not a legitimate defense under United States patent law:

> Our law requires patent challengers to prove invalidity by clear and convincing evidence. Where an accused infringer is clearly practicing only that which was in the prior art, and nothing more, and the patentee's proffered construction reads on the accused device, meeting this burden of proof should not prove difficult. **Nevertheless, accused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a "practicing prior art" defense to literal infringement under the less stringent preponderance of the evidence standard.** Likewise, mere proof that the prior art is identical, in all material aspects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity.

4

*Zenith Elecs. Corp. v. PDI Comm. Sys.,* 522 F.3d 1348, 1363 (Fed. Cir. 2008) (citing *Tate,* 279 F.3d at 1367 (Fed. Cir. 2002)) (emphasis added); *see also Koito Mfg. Co. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1153 (Fed. Cir. 2004) (rejecting the argument that "if the jury found Koito's lenses infringed, then the '268 patent was invalid because of anticipation by prior art taillights that used the same method as that used by Koito"). Thus, any suggestion that an accused product does not satisfy a limitation of a patent claim because that limitation existed in the prior art is an improper practicing the prior art defense and not relevant to infringement. Fed. R. Evid. 402. If relevant, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 403.

Moreover, Defendant should be precluded from offering any evidence or argument comparing any alleged prior art to Maxell's infringement theories rather than the asserted claims and the Court's claim constructions. Federal Rule of Evidence 702 requires experts to base their testimony on "reliable principles and methods." Experts must undertake their own analyses and may not blindly rely on the opinions of others. *See In re TMI Litig.*, 193 F.3d 613, 716 (3d Cir. 1999) (An expert's "failure to assess the validity of the opinions of the experts he relied upon together with his unblinking reliance on those experts' opinions, demonstrates that the methodology he used to formulate his opinion was flawed under *Daubert* as it was not calculated to produce reliable results."). If Defendant's expert disagrees with the principles and methods embodied in Maxell's infringement theories, then Defendant's expert is not permitted under Rule 702 to rely on Maxell's infringement theories to support an affirmative opinion that the patent is invalid.

### <ins>Motion *in Limine* 6</ins>: Inventor Testimony on Claim Construction

No one shall introduce, inquire about or elicit any expert testimony regarding claim construction or claim interpretation by the patent inventors. The Federal Circuit has repeatedly

held inventor testimony irrelevant as to the issue of claim construction. *See Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346-47 (Fed. Cir. 2008) (holding inventor testimony "irrelevant to the issue of claim construction"); *see also Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) ("[I]t is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claim is after allowance by the PTO."). In addition to being irrelevant, such statements would be unfairly prejudicial to Maxell, and would mislead the jury into resolving this case based on factors other than the evidence and the law.  *See* Fed. R. Evid. 402, 403.

**Motion *in Limine* 7: Reference to Maxell as a Non-Practicing Entity, a Licensing or Litigious Company, or Any Nefarious or Derogatory Phrase such as "Patent Troll," "Toll Collector," etc.**

No one shall introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony referring to Maxell in a nefarious manner, including but not limited to any of the following: patent troll, troll, toll collector, non-practicing entity or NPE, patent assertion company, litigious, being in the business of filing lawsuits, or suggesting that Maxell engages in any of the following practices: playing the litigation lottery, engaging in a litigation-based licensing program, or any other suggestion that it is inappropriate for Maxell to bring its patent claims in Court. Such statements or arguments have no relevance to any claim or defense in this lawsuit. Fed. R. Evid. 402. Moreover, the probative value—if any—of such statements, descriptions, references, or argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury into resolving this case based on factors other than the evidence and the law. Fed. R. Evid. 403. Courts have repeatedly excluded the use of such terms before the jury in reference to a patent owner. *Freeny v. Murphy Oil Corp.*, No. 2:13-cv-791, 2015 U.S. Dist. LEXIS 179318, at *1 (E.D. Tex. May 29, 2015) (granting plaintiff's motion *in limine* to preclude

any reference to "Patent Trolls" or any other disparaging terminology for patent plaintiffs). In addition, it would be factually inaccurate to refer to Maxell as a non-practicing entity because Maxell not only conducts research and development, but also manufactures and sells products throughout the world, including consumer electronics products in the United States.

**Motion *in Limine* 8: Any Suggestion that a Verdict for Maxell Would Raise Consumer Costs**

No one shall introduce any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that a verdict for Maxell in this case (or a damage award generally) may raise consumer costs. Such evidence or comment is purely speculative, and thus its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 402 and 403; *see also Core Wireless*, 2016 U.S. Dist. LEXIS 126811, at *10 (granting motion *in limine* precluding defendant from suggesting that a verdict for plaintiff would raise consumer costs).

**Motion *in Limine* 9: Inappropriate Attacks on the USPTO and Its Examiners, Such as by Arguing that Examiners are Overworked or that the USPTO is Prone to Error**

No one shall introduce any references, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning the quality of the United States Patent and Trademark Office's ("USPTO") examination process or its examiners or the percentages of patents that are invalidated in re-examinations or *Inter Partes* Review. Such statements are irrelevant and unfairly prejudicial or distracting from the relevant standard. *See Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1367 n.1 (Fed. Cir. 2001) ("Testimony about overwork . . . would be irrelevant speculation and would constitute an inappropriate attack on the Patent Office."); *Digital Reg of Tex., LLC v. Adobe Sys.*, No. C 12-1971 CW, 2014 U.S. Dist. LEXIS 115565, at *33 (N.D. Cal. Aug. 19, 2014) (citing *Applied Material, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C 92-20643 RMW, 1995

7

U.S. Dist. LEXIS 22335, at *11 (N.D. Cal. Apr. 25, 1995) ("Testimony about overwork, quotas, awards or promotions at the Patent Office, or the number of patents that issue annually or insinuating that the Patent Office does not do its job properly is excluded. Such evidence would be irrelevant speculation and would constitute an inappropriate attack on the Patent Office.")). The law mandates that patents are presumed valid. 35 U.S.C. § 282. Any such testimony should therefore be excluded under Fed. R. Evid. 402 and 403.

**Motion _in Limine_ 10: Unaccused Products Do Not Infringe**

No one shall introduce any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that products not specifically accused of infringement in this case do not infringe the asserted patents. Such presentation is wholly irrelevant to whether Defendant's accused products infringe Maxell's asserted patents, or to the amount of damages owed to Maxell as a result of Defendant's infringement. That products are not accused of infringement in this case does not mean such products do not infringe the asserted patents. Such claims or comments are irrelevant to any issue in this case and are likely to cause jury confusion and therefore are inadmissible under Fed. R. Evid. 402 and 403.

Dated: May 29, 2018                                     By:     _/s/ Jamie B. Beaber_

                                                            Geoff Culbertson
                                                            Kelly Tidwell
                                                            Patton, Tidwell & Culbertson, LLP
                                                            2800 Texas Boulevard (75503)
                                                            Post Office Box 5398
                                                            Texarkana, TX 75505-5398
                                                            Telephone: (903) 792-7080
                                                            Facsimile: (903) 792-8233
                                                            gpc@texarkanalaw.com
                                                            kbt@texarkanalaw.com

Jamie B. Beaber
Alan M. Grimaldi
Kfir B. Levy
James A. Fussell, III
Baldine B. Paul
Tiffany A. Miller
Saqib Siddiqui
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
klevy@mayerbrown.com
jfussell@mayerbrown.com
bpaul@mayerbrown.com
tmiller@mayerbrown.com
ssiddiqui@mayerbrown.com

Robert G. Pluta
Amanda S. Bonner
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
rpluta@mayerbrown.com
asbonner@mayerbrown.com

*Counsel for Plaintiff Maxell, Ltd.*

9

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 29th day of May, 2018, with a copy of this document via electronic mail pursuant to Local Rule CV-5(d).

*/s/ Jamie B. Beaber*
Jamie B. Beaber

## CERTIFICATE OF CONFERENCE

I certify that Plaintiff Maxell, Ltd. has complied with the requirements of Local Rule CV7(h). This motion is opposed. Specifically, the parties held a telephonic meet and confer on May 24, 2018. Kfir Levy attended on behalf of Maxell. Sara J. O'Connell attended on behalf of Defendant. The parties were not able to come to agreement on the above motions, and as such, the meet and confer process ended in an impasse.

*/s/ Jamie B. Beaber*
Jamie B. Beaber