IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| MAXELL, LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> ZTE (USA) INC., <br><br> *Defendant.* | Case No. 5:16-cv-00179-RWS |

## **VERDICT FORM**

In answering these questions, you are to follow all of the instructions I have given in the Final Jury Instructions. Your answers to each question must be unanimous. In this verdict form, "Maxell" refers to Maxell, Ltd. and ZTE refers to ZTE (USA) Inc. As used below, the '193 patent refers to U.S. Patent No. 6,408,193; the '317 patent refers to U.S. Patent No. 6,748,317; the '493 patent refers to U.S. Patent No. 8,339,493; the '729 patent refers to U.S. Patent No. 8,736,729; the '491 patent refers to U.S. Patent No. 6,816,491; the '695 patent refers to U.S. Patent No. 8,098,695; and the '794 patent refers to U.S. Patent No. 6,329,794.

1A. **Did Maxell prove by a preponderance of the evidence that ZTE (USA) Inc. infringes the following claims of the following patents?**

Answer "Yes" or "No" as to each claim.

**'317 Patent**: Answer "Yes" or "No" for the ZMax 2 with pre-installed AT&T Navigator, which is representative of the '317 Accused Products.

Claim 1: __yes__

Claim 2: __yes__

Claim 3: __yes__

**'794 Patent**: Answer "Yes" or "No" for the ZMax 2, which is representative of the '794 Accused Products.

Claim 1: __yes__

Claim 2: __yes__

**'193 Patent**: Answer "Yes" or "No" for the ZMax 2, which is representative of the '193 Accused Products.

Claim 1: __yes__

**'491 Patent**: Answer "Yes" or "No" for the ZMax 2, which is representative of the '491 Accused Products, except for the Axon 7.

Claim 1: __yes__

Claim 8: __yes__

~~'491 Patent:   Answer "Yes" or "No" for the Axon 7 only.~~

Claim 1: __yes__

Claim 8: __yes__

**'695 Patent**:   Answer "Yes" or "No" for the ZMax 2, which is representative of the '695 Accused Products, except for the Axon 7.

Claim 1: __yes__

**'695 Patent**:   Answer "Yes" or "No" for the Axon 7 only.

Claim 1: __yes__

**'493 Patent**:   Answer "Yes" or "No" for the Max Duo LTE, which is representative of the '493 Accused Products, except for the Axon 7.

Claim 5: __yes__

**'493 Patent**:   Answer "Yes" or "No" for the Axon 7 only.

Claim 5: __yes__

**'729 Patent**:   Answer "Yes" or "No" for the Max Duo LTE, which is representative of the '729 Accused Products, except for the Axon 7.

Claim 1: __yes__

**'729 Patent**:   Answer "Yes" or "No" for the Axon 7 only.

Claim 1: __yes__

If you have answered "Yes" regarding a claim in question 1A, then continue to answer "Yes" or "No" for that same claim in section 1B. If you answered "No" regarding a claim in question 1A, then skip this question in question 1B for that claim.

1B.  Did Maxell prove by a preponderance of the evidence that ZTE (USA) Inc.'s infringement, if any, was willful?

**'317 Patent**:   Answer "Yes" or "No" for the '317 Patent.

   Claim 1: __yes__

   Claim 2: __yes__

   Claim 3: __yes__

**'794 Patent**:   Answer "Yes" or "No" for the '794 Patent.

   Claim 1: __yes__

   Claim 2: __yes__

**'193 Patent**:   Answer "Yes" or "No" for the '193 Patent.

   Claim 1: __yes__

**'491 Patent**:   Answer "Yes" or "No" for the '491 Patent.

   Claim 1: __yes__

Claim 8: __yes__

---

**'695 Patent**:   Answer "Yes" or "No" for the '695 Patent.

Claim 1: __yes__

**'493 Patent**:   Answer "Yes" or "No" for the '493 Patent.

Claim 5: __yes__

**'729 Patent**:   Answer "Yes" or "No" for the '729 Patent.

Claim 1: __yes__

3.  Did ZTE prove by clear and convincing evidence that the following listed claims of the following patents are invalid?

If you find the claim invalid, answer "Yes;" otherwise, answer "No."

### '317 Patent:

    Claim 1:    NO

    Claim 2:    NO

    Claim 3:    NO

### '193 Patent:

    Claim 1:    NO

4.  Did ZTE prove by clear and convincing evidence that the claim elements of the following claims in the '317 patent were well-understood, routine, and conventional to a person of ordinary skill in the art as of July 12, 1999?

Answer "Yes" or "No."

### '317 Patent:

    Claim 1:    yes

    Claim 2:    yes

    Claim 3:    yes

5.  Did ZTE prove by clear and convincing evidence that the claim elements of the following claims in the '794 patent were well-understood, routine, and conventional to a person of ordinary skill in the art as of May 22, 2000?

Answer "Yes" or "No."

**'794 Patent:**

Claim 1: _yes_

Claim 2: _yes_

6.     What sum of money, if paid in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Maxell for ZTE (USA) Inc.'s infringement of any patent claim that is not invalid, if any?

Answer with the amount:     $ 43.3 Million

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The jury foreperson should then sign and date the verdict form in the spaces below and notify the Court Security Officer that you have reached a verdict. The jury foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Signed this 29 day of June, 2018.


███████████████████████████████████
Jury Foreperson